UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LEMERICK VERNELL CHRISTOPHER SR #466247 | CIVIL ACTION NO. 19-cv-691 SEC P |
| VERSUS | JUDGE DOUGHTY |
| BRUCE YOUNG ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Lemerick Christopher ("Plaintiff") is an inmate housed at the David Wade Correctional Center. He alleges that prison officials subjected him to excessive force in the form of chemical spray and imposed excessive punishment after a disciplinary hearing. Defendants have filed a motion for summary judgment (Doc. 31) that attacks the claims on the merits. For the reasons that follow, it is recommended that the motion be granted and all claims dismissed.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

### A. Plaintiff's Allegations

Plaintiff alleges that on January 1, 2019 at around 9:40 p.m. he asked a correctional officer in his housing unit to allow him to call another officer who was working in a tower so that Plaintiff could wish her a happy new year. He alleges that, shortly afterward, Captain Bruce Solomon, Captain Shalean Heard, and Major Bruce Young came to his cell, placed him in handcuffs, and began to escort him out of the housing unit. Plaintiff alleges that the officers asked why he called the tower and scared the female officer. Plaintiff states in his complaint that he apologized repeatedly and, while he was doing so, Major Young pulled his can of pepper spray from his holster and sprayed Plaintiff despite Plaintiff's lack of resistance and being handcuffed.

### B. Defendants Evidence

Defendants offer declarations made under penalty of perjury, pursuant to 28 U.S.C. § 1746, and other evidence in support of their motion.[1] Captain Heard testifies that on

---

[1] Declarations that comply with § 1746 "are considered competent sworn testimony with the same force and effect as an affidavit." Cooper v. Fisher, 676 Fed. Appx. 355, 357 (5th Cir.

January 1, 2019, he was notified that a prisoner had manipulated a new housing unit key room officer into allowing the prisoner to call Cadet Minnie Key, who was working in observation tower number 5. Heard was told that Plaintiff wished Cadet Key a happy new year and told her that her "supervisor was hating on her" by putting her in the tower and that Key needed to come back to housing unit N1 with Plaintiff.

Cadet Key states in her declaration that she was performing her duties in the tower when Sgt. John Hulsey called and said, "This is Hulsey. Someone wants to talk." She thought that an officer wanted to talk, but soon realized that it was Plaintiff. Receiving the call from an inmate scared her, so she called Captain Bruce Solomon and informed him of the call. She also called back to the key room and asked Hulsey why the inmate called her. She said she then received calls from Captain Heard and Major Young, who both asked what happened. She also prepared a statement about the occurrence.

Heard, Solomon, and Young offer declarations that describe these events, which led to Plaintiff being removed from his cell to be escorted to administrative segregation. Major Young states that Plaintiff became irate and continually asked why he was being moved. Young states that Plaintiff "appeared to turn and lunge at me stating, 'You better not lock me up for this.'" Young says that he feared for his safety because Plaintiff was restrained only in handcuffs (no belly band, leg irons, or other restraints), so he administered a chemical agent to Plaintiff's face and head area. He then ordered Plaintiff to turn around

---

2017). That means they are competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762 n.1 (5th Cir. 2003); Nissho Iwai American Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988).

and keep walking, and Plaintiff complied with his orders. The officers involved state that they did not activate their body cameras because of the immediate need to restore order and gain compliance during the short event.

Captain Heard states that he notified the medical department to come and treat Plaintiff, but Plaintiff refused all treatment by the medical staff. Plaintiff was then placed in administrative segregation for violation of Rule 30-D (attempting to engage in a non-professional relationship with an employee) and Rule 3 (defiance). He was issued a clean jumpsuit and offered a shower, but he refused the shower. He was also offered a shower every 30 minutes for the next two hours, but he refused all offers. A sick call sheet shows that on the date at issue at 10:30 p.m., Plaintiff was "seen after use of chemical agent and being placed in admin seg. Refused eye wash. No injuries noted. Released to Security." Plaintiff was later found guilty of both rule violations.

**Excessive Force Claim**

    **A. Applicable Law**

A convicted inmate's claim of excessive force is governed by the Eighth Amendment. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992).

The focus of the standard is on the corrections official's subjective intent to punish, and his intent is determined by reference to certain Hudson factors: (1) the extent of the

injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible official, and (5) any efforts made to temper the severity of a forceful response. Cowart v. Erwin, 837 F.3d 444, 453 (5th Cir. 2016). The Hudson standard applies with equal force to claims that prison officials used a chemical agent on an inmate. Baldwin v. Stalder, 137 F.3d 836, 840-41 (5th Cir. 1998); Davis v. Cannon, 91 Fed. Appx. 327 (5th Cir. 2004). Each case is judged on its own facts, after considering the non-exclusive factors listed above. Baldwin, 137 F.3d at 839.

**B. Analysis**

Plaintiff filed an unsworn response (Doc. 33) to the motion for summary judgment, but it merely repeated the key allegations of the unverified complaint. Plaintiff did not submit any competent summary judgment evidence to contest the declarations and other evidence submitted by the movants. Plaintiff alleges that the spray was used on him for no legitimate reason while he was handcuffed, but Defendants present a different version of the facts, with the use of chemical agent warranted by Plaintiff's aggressive action and potential danger to the officers.

Plaintiff's version of the facts might plead an actionable claim. McCoy v. Alamu, 950 F.3d 226, 231 (5th Cir. 2020) (chemical spray in the face for no reason but a desire to harm the prisoner states a claim under Hudson). But Defendants' facts govern for summary judgment purposes because Defendants supported them with competent summary judgment evidence, and Plaintiff relies on nothing by his unsworn complaint and memorandum. Defendants met their initial summary judgment burden, but Plaintiff did

not respond with any competent evidence that would create a genuine dispute of a material fact.

"A party opposing a properly supported summary judgment motion may not rest on mere allegations contained in the pleadings to demonstrate a genuine issue of material fact." Frazier v. Keith, 707 Fed. Appx. 823, 825 (5th Cir. 2018) (affirming summary judgment for prison officials). "Even pro se litigants may not oppose summary judgment motions with unsworn materials." Turner v. Baird, 707 Fed. Appx 290, 291 (5th Cir. 2017), citing Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).

Turner affirmed this court's grant of summary judgment for another David Wade official in a case where the prisoner alleged the officer sprayed him three times for no reason while he was restrained. The officer presented summary judgment evidence that it was only one spray to quiet a loud disturbance after several orders were ignored, and the spray was followed quickly by attention from the nursing staff and a shower. Given the lack of competing evidence and applicable law, the officer prevailed. Turner v. Baird, 2016 WL 7421411 (W.D. La.) (Hornsby, M.J.), adopted, 2016 WL 7441710 (W.D. La.) (Walter, J.), aff'd, 707 Fed. Appx 290 (5th Cir. 2017).

The same result is warranted in this case. The facts presented in Defendants' summary judgment evidence would not allow a reasonable jury to apply the Hudson factors and find that Major Young applied the spray maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. The injury was painful, but temporary and capable of prompt relief by the offered eye wash, shower, and clean clothes. Defendants explained the need to protect themselves from a perceived threat to

their safety. Major Young used only a single burst, which he applied only after Plaintiff moved toward Major Young in an aggressive manner. Plaintiff may have been restrained, but that does not automatically foreclose the use of reasonable force. Rich v. Palko, 920 F.3d 288, 294 (5th Cir.), cert. denied, 140 S.Ct. 388 (2019) (officers granted summary judgement on excessive force claim by handcuffed mental patient who continued to spit on officers and refused to comply with orders to stop).

Defendants also assert qualified immunity. When an officer invokes that defense, the burden shifts to the plaintiff to rebut it by establishing a genuine dispute as to whether the official's allegedly wrongful conduct violated a constitutional right and the unlawfulness of the conduct was clearly established at the time. Rich, 920 F.3d at 294; Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010). The Fifth Circuit held in February 2020 that, before that date, it was not clearly established that it violated the Eighth Amendment for a prison officer to apply a single burst of pepper spray to the face of an inmate in his cell, for no reason at all, followed by availability of water. McCoy, 950 F.3d at 233-34. Given that holding, and Defendants' undisputed evidence regarding this 2019 event, the qualified immunity defense is valid as an alternative basis for summary judgment.

**Disciplinary Sentence**

Plaintiff alleged in his complaint that he did not deserve to be put on extended lockdown for going on six months in connection with his disciplinary charges. He complained that it was an unfair sentence that has affected his mental health due to infrequent family visits, and with him in restraints, and restrictions on phone calls to once

a month. Defendants moved to dismiss any such claims on the grounds that Plaintiff did not exhaust his administrative remedies prior to bringing his lawsuit.

The defense is based on the provision in 42 U.S.C. § 1997e(a) that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute requires proper exhaustion in accordance with prison or jail procedures. Woodford v. Ngo, 126 S.Ct. 2378 (2006). The grievance procedure for state prisoners is set forth in Louisiana Administrative Code, Title 22, Part I, § 325.

Defendants attach a copy of Plaintiff's grievance filed pursuant to those administrative remedy procedure ("ARP") regulations and the decisions that were issued. The grievance complains of the use of chemical spray but does not mention the disciplinary sentence imposed. That issue is also not mentioned in any of the decisions or Plaintiff's step two reasons for appeal. That might appear to demonstrate a lack of exhaustion, but the cited regulations state that "disciplinary matters" must be pursued through specialized administrative procedures in place for them. Thus, the lack of exhaustion through the ARP procedure is not a defense to this claim.

The claim is, however, subject to dismissal for another reason. A prisoner's treatment presents a liberty interest recognized by the Due Process Clause only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). The Fifth Circuit has held that "administrative segregation, without more, does not constitute a deprivation

of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). See also Smith v. Horton, 670 Fed. Appx. 872, 873 (5th Cir. 2016) ("Smith's punishment via long-term administrative segregation did not, without more, deprive him of a constitutionally cognizable liberty interest") and Hernandez v. Velasquez, 522 F.3d 556, 562-63 (5th Cir. 2008) (13-month confinement in lockdown without a prior hearing did not result in a deprivation of a cognizable liberty interest). In Sandin itself, the discipline administered was confinement in isolation. The Court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 2301 and 2300. Thus, any due process claim regarding Plaintiff's disciplinary sentence lacks merit.

**Warden Goodwin**

Plaintiff named DWCC warden Jerry Goodwin as a defendant. Plaintiff states in his opposition that his main target is Major Young, but he "put Jerry Goodwin in there because he didn't check into these matters as he should." However, a prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). And "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Id. at 374.

Furthermore, "an underlying constitutional violation is required to impose … supervisory liability …." Baughman v. Hickman, 935 F.3d 302, 311 (5th Cir. 2019). See also City of Los Angeles v. Heller, 106 S.Ct. 1571 (1986) (lack of claim against police

officer removed any basis for liability against city and members of police commission). It was found above that none of the other defendants violated Plaintiff's constitutional rights, so there can be no supervisor liability claim against Warden Goodwin.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 31) be granted and that all claims against all defendants be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of December, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge